a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MANNA MASSAQUOI #A057743631,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00120<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| IMMIGRATION & CUSTOMS ENFORCEMENT,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Manna Massaquoi ("Massaquoi"), who is being detained at the ICE Processing Center in Jena, Louisiana. Massaquoi challenges his continued detention pending a decision regarding his removability.

Because Massaquoi does not establish that his detention is unlawful, his Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. **Background**

According to published jurisprudence, Massaquoi is a native of Liberia who legally entered the United States in 2006. *Massaquoi v. Mayorkas*, 3:23-CV-71, 2024 WL 1051214, at *1 (W.D. Pa. 2024). In 2013, Massaquoi was convicted of aggravated assault, simple assault, terroristic threats, recklessly endangering another person, and possession of an instrument of crimes. *Id.* In August 2022, he was transferred to immigration custody. *Id.*

On May 19, 2023, Liberia issued a travel certificate for Massaquoi's removal. However, the preceding day, the United States Court of Appeals for the Third Circuit issued a temporary stay of removal. *Id.* On October 2, 2023, the Third Circuit remanded the case to the Board of Immigration Appeals ("BIA") to consider the request for stay. *Id.*

The BIA has since reopened Massaquoi's immigration proceedings, "including for a determination of whether the Government has met its burden to show that petitioner is removable. . . ." *Massaquoi v. Attorney General*, 23-2858 (3rd Cir. 10/10/24). The case remains pending.

## II.   Law and Analysis

Massaquoi alleges a violation of 8 U.S.C. § 1231(a)(6), which governs the detention, release, and removal of aliens ordered removed. However, Massaquoi's immigration proceedings have been reopened, so he is not subject to a final order of removal. *See Tran v. Ashcroft*, 67 F. App'x 245 (5th Cir. 2003) (per curiam).

Because of his criminal convictions, Massaquoi's detention is governed by § 1226(c), which requires the Attorney General to detain aliens who are inadmissible or removable based on having committed certain criminal offenses. *See* 8 U.S.C. § 1226(c)(1). Anyone detained under § 1226(c)(1) may not be released unless: (1) the release is necessary for witness protection purposes; and (2) the Attorney General is satisfied that the alien does not pose a danger to persons or property and that the person is likely to appear for scheduled proceedings. *See* 8 U.S.C. § 1226(c)(2).

In *Demore v. Kim,* 538 U.S. 510 (2003), the United States Supreme Court found that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. The Court found that Congress was "justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers," and mandating a brief detention before removal for such aliens was not unconstitutional. *Id.* at 513.

In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court stated that the language of § 1226(c) "reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Id.* at 303; *Wekesa v. United States Attorney*, 22-10260, 2022 WL 17175818, at *1 (5th Cir. 2022), *cert. denied*, 143 S.Ct. 2666 (2023); *see also Rimtobaye v. Castro*, SA-23-CV-1529, 2024 WL 5375786, at *3 (W.D. Tex. 2024), *report and recommendation adopted,* 2025 WL 377722 (W.D. Tex. 2025) ("aliens detained under § 1226(c) 'are not entitled to be released *under any circumstances* other than those expressly recognized by the statute.'") (emphasis supplied) (quoting *Jennings*, 583 U.S. at 303).

The *Jennings* Court rejected an "implicit" six-month limitation on detention under § 1226(c). *Id.* at 299. And this Court, and others, have found longer periods of detention were not unreasonable during removal proceedings. *See Wekesa*, 2022 WL 17175818, at * 1 (5th Cir. November 22, 2022) (two-and-a-half years); *A.R.L. v. Garland*, 6:23-CV-00852, 2023 WL 9316859, at *5 (W.D. La. 2023), *report and*

*recommendation adopted*, 2024 WL 203971 (W.D. La. 2024) (21 months); *Asonfac v. Wolf*, 6:20-CV-01218, 2021 WL 1016245, at *2 (W.D. La. Mar. 1, 2021), *report and recommendation adopted*, 2021 WL 1011077 (15 months); *Garcia v. Lacy*, 2013 WL 3805730, *5 (S.D. Tex. 2013) (27 months).

Massaquoi does not allege that he meets the statutory requirements or is otherwise entitled to release.

Additionally, his request for a bond hearing is meritless as no such right is afforded under the mandatory detention provision of 1226(c). *See Rimtobaye*, 2024 WL 5375786, at *3 ("Because Rimtobaye 'is not in witness protection and thus not entitled to relief under 8 U.S.C. § 1226(c)(2) and because he is still in removal proceedings, . . . he does not have a right to a bond review, despite the length of his detention.'") (quoting *Meme v. Immigr. & Customs Enf't*, No. 23-CV-00233, 2023 WL 6319298, at *4 (W.D. Tex. 2023)).

### III. Conclusion

Because Massquoi is not entitled to habeas relief, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 9, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE